IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | * | |
| | * | |
| v. | * | CRIMINAL NO. GJH-16-502 |
| | * | |
| NELASH DAS, | * | |
| | * | |
| Defendant. | * | |
| | * | |
| ******** | | |

**GOVERNMENT'S RESPONSE TO DEFENSE MEMORANDUM
REGARDING THE GOVERNMENT'S EX PARTE, IN CAMERA PLEADING
PURSUANT TO CIPA SECTION 4 AND FED. R. CRIM. P. 16(d)(1)**

The United States of America, by and through the undersigned attorneys, hereby files this response to the defendant's public CIPA 4 brief. *See* ECF No. 60. In his brief, the defendant makes four requests: (1) to hold a CIPA 2 hearing; (2) to "clarify" the Government's discovery obligations; (3) to permit cleared counsel to review the Government's ex parte CIPA 4 filing; and (4) to permit cleared counsel to review the legal arguments within the Government's ex parte CIPA 4 filing. With the exception of his first request, the defendant's requests should be denied.

    A.    **CIPA 2 Hearing**

The defendant has requested that the Court schedule a CIPA 2 hearing, consistent with the Government's prior motion requesting the same. *See* ECF No. 25. Following the defendant's motion, the Court and counsel agreed to hold such a hearing on May 17, 2018. The issues to be discussed during the hearing may be in dispute. The Government believes the Court should address any scheduling issues going forward, including a timeframe in which the Court anticipates deciding any CIPA 4 issues. To the extent the Court has questions regarding legal arguments discussed in the public filings, the parties can address those questions at the CIPA 2 hearing. If

the Court has questions regarding any ex parte filing, those questions should be addressed ex parte and not during the CIPA 2 hearing.

### B. The Government's Discovery Obligations

The defendant seeks, during the CIPA 2 hearing, "to clarify the scope of the government's discovery obligations under Federal Rule of Criminal Procedure 16, *Brady*, *Giglio*, and the Jencks Act to ensure that the classified review process has identified all potentially discoverable documents." ECF No. 60 at 3. The Government does not believe any clarification is necessary. The Court has access to the parties arguments and also has conducted its own research.[1]

### C. The Request for the Ex Parte CIPA 4 Filing

The defendant asks the Court to permit defense counsel to review the Government's ex parte CIPA 4 filing. The defendant has offered no valid reason for this extraordinary step, and the request should be denied.

The Fourth Circuit, much like other Circuits, has endorsed the ex parte, in camera process provided by CIPA. *See, e.g.*, *United States v. Moussaoui*, 591 F.3d 263, 305 n.27 (4th Cir. 2010); *United States v. Hanna*, 661 F.3d 271, 294-95 (6th Cir. 2011) ("CIPA permits the government to have the trial court examine classified information in camera and ex parte and determine whether it is necessary for the defense"); *United States v. Abu-Jihaad*, 630 F.3d 102, 143 (2d Cir. 2010) (citing cases); *United States v. O'Hara*, 301 F.3d 563, 568 (7th Cir. 2002); *United States v.*

---

[1] The defendant cites *United States v. Aref*, 533 F.3d 72 (2d Cir. 2008), for the proposition that the Court must decide whether the "state secrets" privilege applies, including whether "the head of the department which has control over the matter, after actual personal consideration by that officer" has opined on the issue. ECF No. 60 at 10. The Fourth Circuit has never adopted *Aref* and indeed affirmatively rejected an opportunity to adopt *Aref*. *See United States v. Rosen*, 557 F.3d 192, 198 (2009). *See also United States v. El-Mazain*, 664 F.3d 467, 521 (5th Cir. 2011) ("We therefore join the Fourth Circuit in questioning whether *Aref* properly adopted and applied *Reynolds* in a criminal context." (citing *Rosen*)).

*Klimavicius-Viloria*, 144 F.3d 1249, 1261 (9th Cir. 1998) ("In a case involving classified documents, however, *ex parte, in camera* hearings in which government counsel participates to the exclusion of defense counsel are part of the process that the district court may use in order to decide the relevancy of the information."); *United States v. Jolliff*, 548 F. Supp. 229, 232 (D. Md. 1981) (Northrop, C.J.) ("The Supreme Court has repeatedly upheld the use of ex parte, in camera examinations prior to disclosure. The use of in camera proceedings are particularly appropriate prior to the disclosure of classified information." (citations omitted)).[2] Thus, the defendant's challenge to the ex parte nature of the Government's filing "is a battle already lost in the federal courts." *United States v. Sedaghaty*, 728 F.3d 885, 908 (9th Cir. 2013). CIPA expressly contemplates the ex parte, in camera process, and federal courts have interpreted CIPA 4 to provide an essential procedural tool to carry out inherent obligations of restricting access to classified information.

Indeed, even if defense counsel has an appropriate security clearance, classified information may be disclosed only to individuals who possess both the requisite clearance **and** a need to know the information at issue. See Exec. Order 13526, §§ 4.1(a) and 6.1(dd) (requiring that a "need to know" determination be made prior to the disclosure of classified information to anyone, including those who possess a security clearance); *United States v. Amawi*, 2009 WL 961143, at *1-2 (N.D. Ohio Apr. 7, 2009) (cleared counsel denied access to CIPA classified

---

[2] *See also United States v. Mejia*, 448 F.3d 436, 457-59 (D.C. Cir. 2006); *United States v. Sarkissian*, 841 F.2d 959, 965 (9th Cir. 1988); *United States v. Pringle*, 751 F.2d 419, 427-28 (1st Cir. 1984); *United States v. Marzook*, 435 F. Supp. 2d 708, 745 (N.D. Ill. 2006); *United States v. Rahman*, 870 F. Supp. 47, 49, 53 (S.D.N.Y. 1994); *United States v. LaRouche Campaign*, 695 F. Supp. 1282, 1284-86 (D. Mass. 1988). Courts likewise have held that in camera and ex parte proceedings are appropriate under Rule 16(d)(1). *See, e.g., Hanna*, 661 F.3d at 294-95; *Pringle*, 751 F.2d at 427-28; *United States v. Pelton*, 578 F. Supp. 701,707 (8th Cir. 1978) (*in camera* and *ex parte* proceedings appropriate where prosecutors concerned about safety of individuals if certain tapes were disclosed to defense).

information because no "need to know"), *aff'd* 695 F.3d 457 (6th Cir. 2012); *Baldrawi v. Dep't of Homeland Security*, 596 F. Supp. 2d 389, 400 (D. Conn. 2009) (counsel without need to know properly denied access to classified information despite holding Top Secret security clearance); *United States v. Libby*, 429 F. Supp. 2d 18, 24 & n.8 (D.D.C. 2006) ("It is axiomatic that even if the defendant and his attorneys had been granted the highest level of security clearances, that fact alone would not entitle them to access to every piece of classified information this country possesses."), amended by 429 F. Supp. 2d 46 (D.D.C. 2006) (security clearance alone does not justify disclosure because access to classified information is permitted only upon a showing that there is a "need to know"). *Accord United States v. Bin Laden*, 126 F. Supp. 2d 264, 287 n. 27 (S.D.N.Y 2000); *United States v. Holy Land Foundation for Relief and Development*, 2007 WL 2011319, at *4-5 (N.D. Tex. July 11, 2007).

Nor, despite its repeated citation by the defendant, does the Due Process Clause require that the defense have access to the classified information that is the subject of the Government's CIPA 4 filing.[3] *See Sedaghty*, 728 F.3d at 909 ("[The defendant] has no due process right to receive a description of materials in the government's possession that are not discoverable"); *United States v. Mejia*, 448 F.3d 436, 458 (D.C. Cir. 2006) (defendant "not entitled to access to any of the evidence reviewed by the court ... to assist in his argument that it should be disclosed")

---

[3] The Government has a "compelling interest in protecting both the secrecy of information important to our national security and the appearance of confidentiality so essential to the effective operation of our foreign intelligence service." *CIA v. Sims*, 471 U.S. 159, 175 (1985) (quoting *Snepp v. United States*, 444 U.S. 507, 509 n.3 (1980) (per curiam). Accordingly, "[i]t is not in the national interest for revelation of either the existence or the product of [intelligence operations and information] to extend beyond the narrowest limits compatible with the assurance that no injustice is done to the criminal defendant." *United States v. Lemonakis*, 485 F.2d 941, 963 (D.C. Cir. 1973) (concerning classified information in a pre-CIPA case).

(citations and quotations omitted); *United States v. Yunis*, 924 F.2d 1086, 1094-95 (D.C. Cir. 1991); *Pringle*, 751 F.2d at 427-28.[4]

District courts around the country have rejected similar arguments. In *Amawi*, an Ohio district court followed *Ott* in rejecting a defense motion for access to CIPA materials on the basis that counsel had security clearances. The *Amawi* court noted that a "[c]learance simply qualifies counsel to view secret materials. It does not, however, entitle counsel to see anything and everything that the government has stamped classified even if it has something to do with a client." 2009 WL 961143 at *2. *See also United States v. Amawi*, 695 F.3d 457, 472 (6th Cir. 2012) ("The possession of a security clearance only becomes relevant *after* the district court determines, in accordance with section 4, that any classified information is discoverable."). And in *United States v. Abu-Jihaad*, 2007 WL 2972623 (D. Conn. Oct. 11, 2007), where the defendant sought access to classified material under CIPA contending that with an appropriate security clearance his counsel could view the material, the district court found even cleared defense counsel would not have a need to know unless the court determined the materials were discoverable and the Government possessed no other options under CIPA: "If the Court were to conclude that some or all of the information is discoverable, the Government would then need to decide … whether to produce the information to defense counsel subject to appropriate security clearance, [or] seek alternate relief

---

[4] Other circuits have rejected the same cleared-counsel Due Process argument in the FISA context. *See United States v. Daoud*, 755 F.3d 479, 484 (7th Cir. 2014) ("'[W]e are unpersuaded by the defendants' argument that the Government's interest [in confidentiality] is diminished because defense counsel possess security clearance to review classified material.'"); *United States v. El–Mezain*, 664 F.3d 467, 568 (5th Cir. 2011) (approving, in the context of FISA, denial of discovery to cleared defense counsel because of the Government's substantial interest in maintaining secrecy); *United States v. Ott*, 827 F.2d 473, 476-77 (9th Cir. 1987) ("Congress has a legitimate interest in authorizing the Attorney General to invoke procedures designed to ensure that sensitive security information is not unnecessarily disseminated to anyone not involved in the surveillance operation in question, whether or not she happens for unrelated reasons to enjoy security clearance.").

under CIPA ….. If, on the other hand, the Court decides that the information is not discoverable at all, Defendant is not entitled to production of the information, regardless whether his counsel is willing to submit to security clearance procedures."

As unsettling as it may be to conceptualize in the abstract, both CIPA and Rule 16(d)(1) acknowledge that the defendant's input is not indispensable to discovery determinations. This is true not just when discussing classified information, but also in other areas in which the Court routinely operates. *See Mejia*, 448 F.3d at 458 ("We note, however, that while the defendants' predicament is difficult, it is not without close analogies. When a court (rather than the prosecutor alone, as is ordinarily the case) reviews evidence in camera to determine whether it constitutes a witness statement subject to disclosure under the Jencks Act … or exculpatory material subject to disclosure under Brady the defendant is likewise not entitled to access to any of the evidence reviewed by the court … to assist in his argument that it should be disclosed.").

### D. The Request for the Legal Arguments within the CIPA 4 Filing

Perhaps sensing the weakness in his legal argument seeking the entire ex parte filing, the defendant asks the Court – in the alternative – for cleared counsel to be able to review the legal arguments within the Government's ex parte CIPA 4 filing. This request too is without merit. The only ground suggested for such relief is that the Court cannot fully stand in the shoes of defense counsel. But that straw man is not what the Court is expected or required to do under CIPA. The Court, in this case as in all others, conducts its own independent research with respect to the legal arguments of all counsel, Government and defense alike. In addition, here the Court has taken the additional precaution of accepting and reviewing an ex parte submission from defense counsel, presumably regarding their theory of the defense. Nothing further is needed—as shown by the three cases cited by the defendant, all of which favor the Government's position. In none of them

did the district courts permit defense counsel to review any portion of the Government's ex parte CIPA 4 filing.

*    *    *

For the foregoing reasons, except for the defendant's request regarding a CIPA 2 hearing, the defendant's motion should be denied.

Respectfully submitted,

Robert K. Hur<br>
United States Attorney

By: /s/Thomas P. Windom<br>
Thomas P. Windom<br>
Jennifer R. Sykes<br>
Assistant United States Attorneys