IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| UNITED STATES OF AMERICA | * |
| v. | * CRIMINAL NO. GJH-16-502 |
| NELASH DAS, | * |
| Defendant | * |

## GOVERNMENT'S MOTION TO DETERMINE MENTAL COMPETENCY

The United States of America, by and through its undersigned attorneys, hereby respectfully moves for a hearing to determine the mental competency of the defendant.

## Background

On August 7, 2017, a federal grand jury for the District of Maryland returned a three count superseding indictment charging the defendant with attempting to provide material support to a foreign terrorist organization, in violation of 18 U.S.C. § 2339B; attempting to murder a federal employee, in violation of 18 U.S.C. § 1114; and using and carrying a firearm during and in relation to a crime of violence, in violation of 18 U.S.C. § 924(c). The parties filed a number of consent continuance motions in order to permit time for discussions regarding disposition.

In recent months, defense counsel has retained a medical professional to examine the defendant to determine competency for certain litigation purposes. According to defense counsel, the medical professional has concerns regarding the defendant's competency absent appropriate medication.

On November 5, 2018, the parties and Court held a status call during which these issues were discussed. On that call, the Government stated that it would be filing the instant motion to trigger

certain procedures under 18 U.S.C. § 4241. In anticipation of this motion, the Court scheduled a competency hearing for February 11, 2019.

**Argument**

Under 18 U.S.C. § 4241(a), the Court "shall" grant a motion to determine the mental competency of a defendant "if there is reasonable cause to believe that the defendant may presently be suffering from a mental disease or defect rendering him mentally incompetent to the extent that he is unable to understand the nature and consequences of the proceedings against him or to assist properly in his defense." Under § 4241(b), the Court "may order that a psychiatric or psychological examination of the defendant be conducted."

The question of defendant's mental competence comprises both procedural and substantive components. *See Beck v. Angelone*, 261 F.3d 377, 387 (4th Cir. 2001). A district court's failure to order a competency evaluation or hearing may give rise to a procedural claim. *United States v. General*, 278 F.3d 389, 396 (4th Cir. 2002). The conviction or sentencing of a defendant who was in fact incompetent enables a "substantive competency claim." *Id.* Either instance amounts to a violation of due process. *United States v. Mason*, 52 F.3d 1286, 1289 (4th Cir. 1995).

The Government has no independent information to suggest that the defendant is incompetent to assist in his criminal proceedings. But the fact remains that defense counsel raised a concern they had with the defendant's mental health. The concerns raised by defense counsel and their medical professional can provide the statutory "reasonable cause" to order a competency hearing under § 4241(a). Although the specific facts and nature of the defendant's mental health issues—if any— remain unclear to the Government, out of an abundance of caution the Government now moves for a competency hearing to avoid further litigation of the issue on direct appeal or through post-conviction processes. At the present time, the Government is <u>not</u> requesting a "psychiatric or

psychological examination" under § 4241(b), but the Government reserves the right to make such a motion pending additional information from the defense counsel's medical professional.

                Respectfully submitted,

                Robert K. Hur
                United States Attorney

By:       /s/
                Thomas P. Windom
                Assistant United States Attorney