

U.S. Department of Justice

*United States Attorney*
*District of Maryland*
*Southern Division*

---

*Thomas P. Windom*  
*Assistant United States Attorney*  
*Thomas.Windom@usdoj.gov*

*Mailing Address:*  
*6500 Cherrywood Lane, Suite 200*  
*Greenbelt, MD 20770-1249*

*Office Location:*  
*6406 Ivy Lane, 8th Floor*  
*Greenbelt, MD 20770-1249*

*DIRECT: 301-344-0197*  
*MAIN: 301-344-4433*  
*FAX: 301-344-4516*

May 22, 2019

Hon. George J. Hazel
United States District Court
6500 Cherrywood Lane
Greenbelt, MD 20770

  Re: United States v. Nelash Das,
     Crim. No. GJH-16-502

Dear Judge Hazel:

  I write regarding the forthcoming hearing under 18 U.S.C. § 4247(d).

  On November 13, 2018, the Government filed a Motion to Determine Mental Competency under 18 U.S.C. § 4241. ECF No. 75. Thereafter, on January 22, 2019, the Government filed a Motion for Psychiatric of Psychological Examination under 18 U.S.C. § 4241. ECF No. 77. On January 28, 2019, the Court granted the Government's motion. ECF No. 78.

  In a report dated May 2, 2019, the appointed Forensic Psychologist from the Bureau of Prisons determined that the defendant "is currently suffering from a mental disease or defect which renders him unable to understand the nature and consequences of the proceedings against him, and to assist properly in his defense." However, the Forensic Psychologist also determined that "there is a substantial probability that with a period of inpatient treatment . . . [the defendant's] mental health symptoms will improve sufficiently such that he can be restored to competency in the foreseeable future."

  Under § 4241(c), the Court shall conduct a hearing pursuant to § 4247(d). In turn, § 4247(d) states in relevant part:

> At a hearing ordered pursuant to this chapter the person whose mental condition is the subject of the hearing shall be represented by counsel and, if he is financially unable to obtain adequate representation, counsel shall be appointed for him pursuant to section 3006A. The person shall be afforded an opportunity to testify, to present evidence, to subpoena witnesses on his behalf, and to confront and cross-examine witnesses who appear at the hearing.

The Government understands that the defendant wishes to waive his personal appearance at the § 4247(d) hearing and instead appear by video conference. The Government opposes this request.

The Government has found no Fourth Circuit case approving a pre-trial defendant's waiver of personal appearance at a § 4247(d) hearing.[1] Indeed, in the Government's view, allowing the defendant—whose competence already has been questioned—to waive his personal appearance may be reversible error and could cast a pall over all future proceedings in this case. The Government's primary concern is that, regardless of the defendant's stated intentions today, the defendant may in the future—whether on direct appeal or on post-conviction motion—claim error in the Court's failure to require his personal appearance.

Section 4247(d) requires a number of items, including the defendant's representation by counsel, opportunity to testify, opportunity to present evidence, and ability to confront and cross-examine witnesses. Many Circuit courts have expressly held that a defendant whose competency is questioned cannot waive the statutory requirement of representation by counsel. *See United States v. Kowalczyk*, 805 F.3d 847 (9th Cir. 2015) (right to counsel at § 4247(d) hearing non-waivable); *United States v. Ross*, 703 F.3d 856 (6th Cir. 2012) (same) (citing D.C. and Second Circuit opinions). Accordingly, it follows that a defendant whose competency is questioned likely cannot waive the statutory requirement to have the opportunity to testify, present evidence, and confront witnesses, all of which axiomatically require the defendant's personal appearance in court with the presiding judge.

The Government has found no Circuit case grappling with the question of whether a pre-trial defendant may waive his appearance at a § 4247(d) hearing. Several cases, however, give context to the discussion. For example, several Circuit courts have found that a defendant has a statutory, if not constitutional, right to attend the § 4247(d) hearing. *See United States v. Frierson*, 208 F.3d 282 (1st Cir. 2000) (holding that (1) inmate had a statutory right to attend the hearing, and (2) telephone call to the prison and inmate's non-responsiveness to the guard's efforts to get him to the phone did not provide inmate with requisite opportunity to participate in the hearing). Further, the Fourth Circuit specifically has vacated and remanded a district court competency determination when the pre-trial defendant was not allowed to testify at the § 4247(d) hearing, despite the defendant's request to do so. *See United States v. Davis*, 672 F. App'x 299 (4th Cir. 2017) (vacating district court order because district court did not allow defendant to testify at § 4247(d) hearing, despite defendant's request to do so). *See also United States v. Gillenwater*, 717 F.3d 1070 (9th Cir. 2013) (same). These cases collectively suggest that a pre-trial defendant's personal appearance at a § 4247(d) hearing is important, if not required, so that the district court can ensure that all of the defendant's statutory and constitutional rights are scrupulously honored.

---

[1] The Government found only two district court cases—both from outside the Fourth Circuit—in which a pre-trial defendant was allowed not to be present at the § 4247(d) hearing. Both were on motion of the defense counsel, and both were premised on transport being unsafe for the defendant and others. *See United States v. Carr*, 2014 WL 243165, at *2 (E.D. Ky. Jan. 22, 2014) (holding § 4247(d) hearing without defendant, upon motion by defendant, when doctor at FMC Lexington believed that transferring defendant to court "would create a risk of danger to Defendant and other persons"); *United States v. Cha*, 2009 WL 5095841, at *2 (N.D. Ohio Dec. 15, 2009) (holding § 4247(d) hearing without defendant, upon motion by defendant, when it was determined that defendant could not be "safely transported").

While there may be a practical benefit in allowing the defendant not to be present at the § 4247(d) hearing, that benefit is mitigated by the historical practice in this District: when pre-trial defendants have been evaluated at one BOP facility and determined not competent to proceed to trial, those defendants often have been moved to other BOP facilities for restoration, in the unreviewable statutory discretion of the Attorney General. Additionally, at core, there is no legal upside in allowing the defendant to remain at FMC Butner; there is only risk that all future proceedings could be affected by a potential structural error now. The Government therefore requests that the defendant be returned to this federal courthouse for the statutory § 4247(d) hearing.

Very truly yours,

Robert K. Hur
United States Attorney

/s/
Thomas P. Windom
Assistant United States Attorney