IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | * | |
| | * | |
| v. | * | CRIMINAL NO. GJH-16-502 |
| | * | |
| **NELASH DAS,** | * | |
| | * | |
| **Defendant** | * | |
| | * | |
| | * | |
| ******* | | |

**GOVERNMENT'S MOTION FOR EXAMINATION**
**TO DETERMINE EXISTENCE OF SANITY AT TIME OF OFFENSE**

The United States of America, by and through its undersigned attorneys, hereby respectfully moves for an order requiring that a psychiatric or psychological examination of the defendant be conducted in order to determine the existence or nonexistence of insanity at the time of the offenses charged.

**Background**

On August 7, 2017, a federal grand jury for the District of Maryland returned a three count superseding indictment charging the defendant with attempting to provide material support to a foreign terrorist organization, in violation of 18 U.S.C. § 2339B; attempting to murder a federal employee, in violation of 18 U.S.C. § 1114; and using and carrying a firearm during and in relation to a crime of violence, in violation of 18 U.S.C. § 924(c). The parties filed a number of consent continuance motions in order to permit time for discussions regarding disposition.

In August 2018, defense counsel retained a medical professional to examine the defendant to assess his competency. According to defense counsel, the medical professional had concerns regarding the defendant's competency and recommended that the defendant begin taking antipsychotic medication in an effort to address the defendant's condition. Those medications were

- 2 -

later adjusted in an effort to address the defendant's symptoms.

On November 5, 2018, the parties and Court held a status call during which these issues were discussed. Consistent with the discussion on the call, the Government thereafter filed a motion to determine mental competency in order to trigger certain procedures under 18 U.S.C. § 4241. *See* ECF No. 75. The Government later moved for a psychiatric or psychological examination under § 4241(b). *See* ECF No. 75. At a hearing on June 11, 2019, consistent with the psychologist's report, the Court found by a preponderance of the evidence that the defendant presently is not competent to proceed to trial. Accordingly, the Court remanded the defendant for a period of no more than four months to the custody of the Attorney General for placement in a suitable BOP facility to determine whether there was a substantial probability that in the foreseeable future he would attain the capacity to permit the proceedings to go forward.

On June 26, 2019, the defendant filed notice under Rule 12.2(a) that he intends to assert a defense of insanity at the time of the offense.

**Argument**

If a defendant files notice under Rule 12.2(a), then Rule 12.2(c)(1)(B) requires the Court to order the defendant to be examined under 18 U.S.C. § 4242. Accordingly, the Government now moves for an order under § 4242(a) for a psychiatric or psychological examination of the defendant. Pursuant to § 4242(a), the examination (and the filing of the report thereafter) will proceed consistent with § 4247(b) and (c).

The defendant already is at a BOP facility pursuant to the Court's previous competency evaluation order. The sanity evaluation, to the extent possible, should take place while the defendant already is at the particular BOP facility. The selection of the psychiatrist or psychologist at the particular BOP facility is appropriately left to the discretion of the Attorney General.

A proposed order is attached.

                                  Respectfully submitted,

                                  Robert K. Hur
                                United States Attorney

By:           /s/_____
                                Thomas P. Windom
                                Assistant United States Attorney