FILED
U.S. DISTRICT COURT
DISTRICT OF MARYLAND

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**   2019 SEP 12  AM 10: 17

CLERK'S OFFICE
AT GREENBELT

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | * | |
| | * | |
| **v.** | * | **CRIMINAL NO. GJH-16-502** |
| | * | |
| **NELASH DAS,** | * | |
| | * | |
| **Defendant** | * | |
| | * | |

*******

## ORDER

The defendant is charged by a three-count superseding indictment with attempting to provide material support to a foreign terrorist organization, in violation of 18 U.S.C. § 2339B; attempting to murder a federal employee, in violation of 18 U.S.C. § 1114; and possessing a firearm in relation to a crime of violence, in violation of 18 U.S.C. § 924(c).

The defendant made his initial appearance on October 3, 2016. He was detained after a hearing on October 11, 2016. He pleaded not guilty to the one charge in the original indictment at an arraignment held on October 31, 2016.

Based on concerns raised by defense counsel, as well as defense-retained forensic psychologist who met with the defendant on multiple occasions, the Government petitioned the Court to order a psychiatric exam to determine whether the defendant was competent to stand trial. (ECF No. 77). The Court granted the Government's request by an order dated January 28, 2019. (ECF No. 78).

The ordered evaluation occurred at the Butner Federal Correctional Institute in Butner, North Carolina, a Bureau of Prisons ("BOP") facility. BOP forensic psychologist Dawn Graney, Psy.D, evaluated the defendant and opined that the defendant is currently suffering from a mental disease or defect which renders him unable to understand the nature and consequences of the proceedings

against him, and to assist properly in his defense. Based on Dr. Graney's evaluation and conclusions, the parties agree that the defendant is not competent to proceed with trial at this time and that the Court should find by a preponderance of the evidence that the defendant is presently incompetent. Dr. Graney suggested that "based on the information available at this time, there is a substantial probability that with a period of inpatient treatment, such as that provided for under Title 18 U.S. Code Section 4241(d), Mr. Das' mental health symptoms will improve sufficiently such that he can be restored to competency in the foreseeable future." *See id.*

The Court held a hearing on June 11, 2019. The defendant appeared by video-conference from Butner, North Carolina, upon defense motion that Mr. Das not be transported and after this Court found that Mr. Das was presently a danger to himself and that transporting him in his present mental state could be detrimental,. The defendant was accompanied in Butner, North Carolina, by one of his defense attorneys. Another defense attorney appeared in federal court in Maryland for the hearing, along with Government counsel and the Court.

When "the court finds by a preponderance of the evidence that the defendant is presently suffering from a mental disease or defect rendering him mentally incompetent to the extent that he is unable to understand the nature and consequences of the proceedings against him or to assist properly in his defense, the court shall commit the defendant to the custody of the Attorney General." 18 U.S.C. § 4241(d). The defendant is then hospitalized at a BOP facility "for such a reasonable period of time, not to exceed four months, as is necessary to determine whether there is a substantial probability that in the foreseeable future he will attain the capacity to permit the proceedings to go forward." 18 U.S.C. § 4241(d)(1).

Based on the report of Dr. Graney, the consent of the parties, and any additional information from the hearing on June 11, 2019, the Court finds by a preponderance of the evidence that the

defendant presently is not competent to proceed to trial.  Accordingly, the defendant is remanded for a period of no more than four months to the custody of the Attorney General for placement in a suitable BOP facility to determine whether there is a substantial probability that in the foreseeable future he will attain the capacity to permit the proceedings to go forward.

_9/11/2019_
Date

Hon. George J. Hazel
United States District Judge