IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | * | |
| | * | |
| v. | * | **CRIMINAL NO. GJH-16-502** |
| | * | |
| **NELASH DAS,** | * | |
| | * | |
| Defendant | * | |
| | * | |

*******

## ORDER

The defendant is charged by a three-count superseding indictment with attempting to provide material support to a foreign terrorist organization, in violation of 18 U.S.C. § 2339B; attempting to murder a federal employee, in violation of 18 U.S.C. § 1114; and possessing a firearm in relation to a crime of violence, in violation of 18 U.S.C. § 924(c).

The defendant made his initial appearance on October 3, 2016. He was detained after a hearing on October 11, 2016. He pleaded not guilty to the one charge in the original indictment at an arraignment held on October 31, 2016.

Based on concerns raised by defense counsel, as well as defense-retained forensic psychologist who met with the defendant on multiple occasions, the Government petitioned the Court to order a psychiatric exam to determine whether the defendant was competent to stand trial. (ECF No. 77). The Court granted the Government's request by an order dated January 28, 2019. (ECF No. 78).

The ordered evaluation occurred at the Butner Federal Correctional Institute in Butner, North Carolina, a Bureau of Prisons ("BOP") facility. BOP forensic psychologist Dawn Graney, Psy.D, evaluated the defendant and opined that the defendant is currently suffering from a mental disease or defect which renders him unable to understand the nature and consequences of the proceedings

against him, and to assist properly in his defense. Based on Dr. Graney's evaluation and conclusions, the parties agreed that the defendant was not competent to proceed with trial and that the Court should find by a preponderance of the evidence that the defendant was presently incompetent. Dr. Graney suggested that "based on the information available at this time, there is a substantial probability that with a period of inpatient treatment, such as that provided for under Title 18 U.S. Code Section 4241(d), Mr. Das' mental health symptoms will improve sufficiently such that he can be restored to competency in the foreseeable future." *See id.*

The Court held a hearing on June 11, 2019. The defendant appeared by video-conference from Butner, North Carolina, upon defense motion that Mr. Das not be transported and after this Court found that Mr. Das was presently a danger to himself and that transporting him in his present mental state could be detrimental to his safety. The defendant was accompanied in Butner, North Carolina, by one of his defense attorneys. Another defense attorney appeared in federal court in Maryland for the hearing, along with Government counsel and the Court.

At the conclusion of that June 11, 2019, hearing, the Court found by a preponderance of the evidence that the defendant was presently suffering from a mental disease or defect rendering him mentally incompetent to the extent that he was unable to understand the nature and consequences of the proceedings against him or to assist properly in his defense and, pursuant to 18 U.S.C. § 4241(d)(1), remanded the defendant for a period of no more than four months to the custody of the Attorney General for placement in a suitable BOP facility to determine whether there is a substantial probability that in the foreseeable future he will attain the capacity to permit the proceedings to go forward. (ECF No. 90).

Mr. Das was transferred to FMC Butner on June 16, 2020, to begin his four-month period of evaluation and treatment. On November 9, 2020, BOP forensic psychologist Evan S. Du Bois, Psy.D.

submitted a report to the Court in which he provided his opinion that Mr. Das "remains incompetent to stand trial." Dr. Du Bois further opined that there "remains a substantial likelihood [Mr. Das] will be restored to competency in the foreseeable future with continued psychiatric and psychological treatment. As such, an additional restoration period is requested to continue efforts to provide such treatment and restoration efforts." Dr. Du Bois also recommended that Mr. Das not be transported while the request for additional time is under consideration as "any transport may delay his improvement or cause undue disruption." On November 23, 2020, the Court issued an order committing Mr. Das to an additional reasonable period of hospitalization.

On March 25, 2021, Dr. Du Bois submitted a second report to the Court in which he provided his opinion that Mr. Das "remains incompetent to stand trial." Dr. Du Bois further opined that "there is a substantial likelihood [Mr. Das's] competency can be restored with additional treatment," assuming certain conditions apply." At a recorded status conference held on April 19, 2021, Mr. Das noted his objection to the request for additional time to attempt his restoration. The Court then held a hearing on May 13, 2021, during which it heard testimony from Dr. Du Bois. At the hearing, Mr. Das repeated his objection to the requested extension.

After that hearing, consistent with 18 U.S.C. § 4241(d)(2)(A), and for the same reasons for the prior orders issued under that statute, this Court hereby found by a preponderance of the evidence that the defendant was presently suffering from a mental disease or defect rendering him mentally incompetent to the extent that he is unable to understand the nature and consequences of the proceedings against him or to assist properly in his defense. This Court further found that there is a substantial probability that within such additional period of time the defendant will attain the capacity to permit the proceedings to go forward, and committed the defendant to the custody of the Attorney General for an additional reasonable period of hospitalization, not to exceed four months,

until the defendant's mental condition is so improved that trial may proceed. ECF No. 96.

On October 19, 2021, BOP forensic psychologist Evan Du Bois submitted a third report to the Court in which he provides his opinion that Mr. Das's "mental condition continues to render him incompetent to stand trial." Furthermore, Dr. Du Bois requested this Court "issue an order for the FMC to submit an Addendum to the Forensic Evaluation which will outline in detail any proposed treatment plan and further details pertinent to the remaining factors pursuant to *Sell v. United States*." Although the request is framed as coming after a threshold finding by this Court that the first prong of *Sell* has been met, the parties agree that all findings on the factors in *Sell v. United States* that would need to be satisfied before forcible medication could be ordered will be deferred until after the proposed treatment plan has been received, and after briefing and hearing if the government moves for involuntary medication after receiving the proposed treatment plan.

Counsel for the Government and the defendant have advised that they do not object to the proposed addendum being provided by the BOP forensic psychologist and/or staff at FMC Butner. Accordingly, the Court hereby orders that BOP forensic psychologists and/or staff submit the proposed addendum referenced above and in the report submitted on October 19, 2021 by BOP forensic psychologist Evan Du Bois. The referenced report shall be submitted within 30 days of the issuance of this order.

10/29/2021
Date

Hon. George J. Hazel
United States District Judge